## STATE v. CATHEY.

LIQUOR: *Indictment for selling in the three-mile limit.*

An order of the county court under the act of March 2, 1875, prohibiting the sale of liquor within three miles of a designated church or academy, displaces the general law prohibiting the selling without license, in that district, and an indictment for selling within the prohibited district must be framed under that act and not under the general law, for selling without license.

APPEAL from *Dorsey* Circuit Court.

Hon. J. M. BRADLEY, Circuit Judge.

*Attorney General*, for the State.

ENGLISH, C. J.    At the March term, 1883, of the circuit court of Dorsey county, A. J. Cathey was indicted for selling liquor without license. The indictment alleged in substance that said Cathey on the fifteenth day of March, 1882, in the county of Dorsey, did unlawfully sell one pint of whiskey, when he had not previously procured license from the county court of said county, as provided by law, authorizing him to sell intoxicating liquors in quantities less than a quart, etc.

. The defendant filed a loosely drafted plea in abatement, intending no doubt to allege that the offense charged in the indictment, if committed at all, was committed within three miles of the academy of New Edinburgh, Dorsey county,

after the county court of said county had made an order prohibiting the sale of spirituous liquors, etc., within three miles of said academy, under the act of March 2d, 1875. The plea made an exhibit of an authenticated transcript of the record of the order of the county court referred to. The order was made at the October term, 1877, of the county court, and prohibited the sale or giving away of any vinous, spirituous or intoxicating liquors, etc., within three miles of the academy of New Edinburgh. The same order, and the constitutionality of the act of March 2d, 1875, under which it was made, were before the court in *Boyd v. Bryant, 35 Ark., 70,* where the act is copied.

The plea in abatement was submitted to, and sustained by the court, and the indictment dismissed, and the state appealed.

The indictment was manifestly drawn under the act of March the 8th, 1879, which, taking the allegations of the plea to be true, was not in force at the time the alleged offense was committed, within the area mentioned in the order of the county court, where the offense was committed. The order of the county court displaced that act and put into operation within that area of territory the act of March 2d, 1875, under which the indictment should have been drawn. For form for such indictment, see *Wilson v. State, 35 Ark., 414.*

On principle, *DeBois v. State, 34 Ark., 381;* and *State v. Orton, ante.,* are applicable to this case.

Affirmed.